UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RAFAEL PEREZ-PEREZ,

Petitioner,

v.

WARDEN OF THE MESA VERDE DETENTION FACILITY,

Respondent.

No. 1:26-cv-08487-DAD-JDP (HC)

ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER WITHOUT PREJUDICE

(Doc. No. 4)

On October 15, 2026, petitioner, proceeding *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by United States Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) That same day, petitioner filed a motion for temporary restraining order requesting his immediate release from custody. (Doc. No. 4.)

On October 16, 2026, the matter was reassigned to the undersigned after the previously assigned district judge concluded that the action "raises the same types of harms against most of the same defendants as in" 1:25-cv-1738 DAD JDP and 1:26-cv-04402 DAD JDP. (Doc. No. 7.) On October 19, 2026, the court set a briefing schedule as to petitioner's motion for temporary restraining order. (Doc. No. 10.)

On October 22, 2026 respondent filed an opposition to petitioner's motion for temporary restraining order. (Doc. No. 11.) Respondent argues that petitioner is subject to the 90-day

mandatory detention period pursuant to 8 U.S.C. § 1231(a)2) because the Board of Immigration Appeals ("BIA") dismissed petitioner's appeal of his removal order on October 16, 2026. (*Id.* at 1.) In support of this position, respondent offers a copy of an order issued by the BIA dated October 16, 2026 indicating that the IJ's order has been affirmed. (Doc. No. 11 at 1–2.)[1]

"The proper legal standard for preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)). A plaintiff seeking a preliminary injunction must make a showing on all four of these prongs. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).

When an order of removal becomes administratively final, the government has a 90-day period to remove the individual subject to that order from the United States. 8 U.S.C. § 1231(a). Detention is mandatory during this 90-day period. *Id.* § 1231(a)(2). An order of removal becomes administratively final "[u]pon dismissal of an appeal by the Board of Immigration Appeals[.]" 8 C.F.R. § 1241.1(a); *see also Davydov v. Casey*, No. 25-cv-845-RSH-AHG, 2025 WL 2042355, at *4 (S.D. Cal. July 21, 2025) ("Petitioner is now subject to a final order of removal, following the BIA's dismissal of Petitioner's appeal on July 2, 2025.").

In light of the evidence that the BIA dismissed petitioner's appeal on October 16, 2026, the court concludes that petitioner is subject to the 90-day mandatory detention period and is not entitled to habeas relief at this time. *Id.* (reaching the same conclusion for a similarly situated petitioner).

---

[1] The court takes judicial notice of the fact that the Executive Office of Immigration Review website reveals that petitioner's appeal was dismissed on October 16, 2026. *See* EOIR Automated Case Information, https://acis.eoir.justice.gov/en/caseInformation (searching by petitioner's A-File Number and nationality); *see also Gahuin Aisalla v. Noem*, No. 1:26-cv-1744 DJC CSK, 2026 WL 1113793, at *1 (E.D. Cal. Apr. 24, 2026) (taking judicial notice of the status of an appeal filed with the BIA based on a search of the EOIR's automated case information system), *report and recommendation adopted*, No. 1:26-cv-1744 DJC CSK, 2026 WL 1215602 (E.D. Cal. May 4, 2026).

Accordingly, the motion for temporary restraining order (Doc. No. 4) is DENIED without prejudice to renewal if petitioner's detention becomes unreasonably prolonged. The petition for writ of habeas corpus (Doc. No. 1) is referred to the assigned magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated: **November 9, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE